
EVERTS AND ALLEN *against* ADAMS.

A physician who furnishes medicine to, and attends upon, a pauper, cannot recover for his services from the overseers of the poor, unless it were done at their request, or they have subsequently promised to pay.

It seems that the justice, in his order of relief, may designate the physician to attend upon the pauper; and that if the overseers employ any other, and pay his bill, it will not be allowed them, in the settlement of their accounts.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error, a physician, brought an action in the court below for medicine and attendance furnished a pauper, against the plaintiffs in error, overseers of the poor. An order had been given by two justices, to the overseers of the poor, to furnish the pauper with necessaries, and, also, with medical aid, if requisite, to be administered by Dr. *Malcom*. There was no evidence that Dr. *Malcom* had ever attended, nor was it proved that the defendant in error had attended at the request of the overseers. One of the plaintiffs in error, when the bill was presented to him, said, that he would take counsel, and, if liable to pay the bill, would pay it. The justice gave judgment for the plaintiff below, for 25 dollars.

*Per Curiam.* The statute, in cases like this, (1 R. L. 287.) requires an order from a justice of the peace, as the warrant or authority for the overseer to make the advances for the relief of the pauper, and declares that the overseer shall make no other or further allowance than what, by the said order, shall be directed, and that the order shall be the voucher for the payment; and the act (*p.* 289. *s.* 28.) further declares, that, in case any overseer shall enter in the poor-books, and relieve any poor persons, without such order, he shall forfeit and lose all such advances, and not be allowed the same in passing his account. If the overseers of the poor had paid this bill, would they have been allowed the same in the settlement of their account? This is very questionable. It certainly would not have been a payment conformably to the order. If the justice is to judge of the necessity of the relief, and whether medical aid is wanting, it would seem to fall within the scope of his authority to designate the physician, and the overseer of the poor would have no right to act in opposition to it. But the liability of the defendants below does not depend on this question. They never have, in any way, sanctioned the plaintiff's demand, or engaged to pay it; nor did they, in any manner, employ him to perform the service. There is,

therefore, no obligation to pay, unless it be implied by law; and the law will create no such liability, especially as it would be directly in the face of the order. (2 *East*, 505.) How the plaintiff came to attend upon the pauper, or at whose request, does not appear. He is, undoubtedly, entitled to a compensation for his services; but he must look to the person who employed him, and not to the defendants below. The judgment must, therefore, be reversed.