Ceabb, J.
delivered the opinion of the Court; absent,
Judge Cateon.
This is an action brought by the defendant in error, an attorney at law, against the defendant, upon a quantum meruit for professional services. The defendant says that the plaintiff cannot recover, because the profession of the law is of an honorable character, and services rendered by its professors gratuitous. The law in England is certainly as contended for, both in relation to counsellors and physicians. But the doctrine has not prevailed in this State with regard to either. It has been common here for [81] professional men, as well as -other persons who have labored for the benefit of their employers, to sue for and obtain what they reasonably should have for their services, in the opinion of an impartial jury. Such recoveries have been constantly had in the inferior courts, and their propriety has been sanctioned in this Court in many instances. We recollect the case of Oliver B. Hays v. Samuel Smith, decided at Charlotte; Robertson’s Heirs v. Campbell, decided at this place; [1] and Phillips v. Overton, 4 Haywood’s Rep. 291. Other cases have been mentioned at the bar.
In the opinion of.this Court the law should be so; — it is consonant with the nature of our institutions that faithful labors should be rewarded by reasonable remuneration ; and he who works at the bar, and he who works at the plane, the physician, the farrier, the carpenter, and the smith, should all possess an equality of rights, and be paid what they reasonably deserve to'have, according to the nature and value of their respective services.
We have here no separate orders in society, — none of those exclusive privileges which distinguish the lawyer in England, in order to attach him to the existing government, and which constitutes him a sort of noble in the land,;— rising, by regular gradation, from an apprentice’s humble seat in Westminster Hall, until he becomes a sergeant, and then is invited to a seat within the bar as king’s counsel; after a little time receives some sinecure appointment, or is placed on the bench for life, with a salary of many thousand pounds sterling; or is appointed Solicitor-General to the king or the queen, or Attorney-General, or perchance attains to the highest professional honors, by taking his seat on the- woolsack; equal, whatever may have been his birth or his origin, to the proudest peer he looks upon.
*447 None of these privileges are possessed by the advocates and attorneys of Tennessee. True, the latter may be promoted (if promotion it may be called) from a lucrative practice at the bar to a troublesome and unproductive, though honorable seat on the bench.
But, upon the whole, a lawyer in England is as different [82] from a lawyer here as a man clad in a plain suit of black or blue — his head, such as nature made it — is unlike him in appearance who has his body surrounded with a long robe and his head covered with a large wig.
It cannot be seriously thought that the General Assembly intended the tax fee, which is directed to be included in the bill of costs in each suit, as the sole reward of professional exertion. According to this doctrine, the advocate who has, perhaps, spent as much money as would afford him the means of sustenance during life for the purpose of qualifying himself successfully to plead the cause of the injured, must labor for the litigant, by day and by night, throughout a protracted controversy; and if, in the end, he should be victorious, and secure to his client an estate, he will receive the liberal compensation of two dollars and fifty cents; and if he should happen to be conquered, he must content himself with nothing.
But it is contended that on the score of public policy, such actions should be discountenanced, and the client be left to give, and the counsel to receive, whatever the liberality of the former may prompt him to offer, or the conscience of the latter induce him to ask. On this point, it is believed the weight of the argument is clearly on the part of the adjudications of Tennessee.
Leave the doctrine as desired, and the happy moment will always be selected by the unconscientious, when the anxious suitor is elevated by hope, or depressed by fear, to extort unreasonable advances in the shape of gratuities. But let it be known that industry and attention and ardor will be certainly compensated by reasonable payment, and you encourage forbearance on the part of the attorney or advocate. He is not tempted to get what he can, while the fever of his client is up, he waits in security until his labors are performed, his services rendered, knowing that- he will at last receive what a disinterested jury shall aw'ard. We are therefore of opinion that the judgment of the Circuit Court ought to be affirmed.
Judgment affirmed. [1]

 Original Note. — Vide Dunbar v. Williams, 10 John. Rep. 249; Everts and Allen v. Adams, 12 John. Rep. 352; Leach v. Strange, 3 Hawk’s Rep. 601.