Garretson, J.
We are unable to apprehend the theory upon -which this action was brought, tried, and carried on to judgment, unless it be that the defendants were liable upon an implied contract for the care and nursing rendered by the plaintiff to George Bedell. It must be conceded that there was no express contract creating the liability, for it is not alleged or proven that the plaintiff acted at the request of either defendant. The provisions of the Revised Statutes relative to the support of the poor, and kindred enactments, create the right of indigent persons and paupers to avail themselves of the public bounty, and regulate the manner in which that bounty shall be bestowed. That Bedell was entitled to relief as a poor person would seem to be the fact; yet neither he or any other person acting in his behalf was permitted to prescribe the manner in which the relief should be given, except so far as the statute provides. The defendant Gittens, upon application being made to him, properly offered to remove Bedell to the poorhouse. 8 Rev. St. (8th ed.) p. 2113, § 39. He presumably determined that Bedell required permanent relief and support. More than this he was not required to do, unless it appeared that Bedell required only temporary relief, or was sick, lame, or otherwise disabled, in which case, after notice to the supervisor of the town, and his examination into the facts and circumstances, and upon the supervisor’s order, a sum of money, not exceeding $10, might be expended for such temporary relief. If the expenditure of a greater sum than $10 was required to be made, the written sanction of one of the county superintendents of the poor must be obtained therefore. Id. p. 2114, § 42, as amended by Laws 1894, chap. 663. The public benefit conferred by the poor laws is personal to the individual. It is contemplated that he shall apply for the relief afforded thereby. It is no part of the duty of the overseer to seek him out and press these benefits upon *612 him. He is not the chooser of the place and manner of his support, and must take what is to be had in the way the law confers it. *
We have examined the “poor laws ” of the state and the decisions thereunder with considerable care and have been unable to find any authority for this action. On the contrary,' we do find that, upon principle and by authority, it has been held that there is no implied obligation upon an overseer or county superintendent of the poor to compensate a person who has voluntarily relieved a pauper, and without request from the overseers of the poor. Minklaer v. Rockfeller, 6 Cow. 276; Palmer v. Vandenbergh, 3 Wend. 193. While both of the cases cited arose before the enactment of the Eevised Statutes, yet we deem them to be still applicable in principle and controlling of the case at bar. As was said by the court in Minklaer v. Rockfeller, supra, I do not see upon what legal principle the action can be sustained. The plaintiff was under no obligation to take care of the pauper. It was a commendable, humane act, undoubtedly; but it must be considered voluntary on his part, and cannot lay the foundation of an action against the overseers of the poor.
The cases cited by the respondent’s counsel upon the question of the defendants’ liability do not apply. They arose between superintendents of counties and overseers of towns in adjoining counties upon questions of local liability to support paupers.
From the foregoing observations, it follows that the judgment appealed from should be reversed.
Judgment reversed, with costs.