In the Matter of the Application of JOHN KRYZAK and Others, Petitioners, for an Order of Mandamus against WILLIAM HODSON, as Commissioner of Public Welfare of the City of New York, Respondent.

Supreme Court, New York County, May 16, 1935.

* Revg. 153 Misc. 560.

*Harry Reiss,* for the petitioner, for the motion.

*Pavl Windels, Corporation Counsel* [*William E. C. Mayer, Edmund L. Palmieri* and *Charles E. Hirsimaki* of counsel], for the respondent, opposed.

FRANKENTHALER, J. This is an application for an order of mandamus directing the respondent, as commissioner of public welfare of the city of New York, to furnish and supply, to such of the petitioners' children as are required by law to attend school, suitable clothing, shoes, food, physicians' services, drugs, medical supplies and other necessaries " to enable them to attend upon full time day instruction at the public schools of the city of New York." The same relief is asked in respect to " all other New York City public school children similarly situated."

The petitioners allege that they are parents of children of school age who are required to attend school by the provisions of the Education Law. They point out that section 627 of that statute imposes a duty upon them, as parents, to " cause such minor to attend upon instruction " and to " cause such minor to be placed in proper physical condition to attend upon required instruction." Facts are set forth which would clearly indicate that the petitioners have been unable to comply with their statutory duty to send their children to school through no fault of their own, but solely because their children lack clothing, food, shoes and other necessaries. Claiming that under section 641 of the Education Law they are subject to fine and imprisonment for their failure to obey the statute, petitioners seek to compel respondent to perform the obligation imposed upon him by subdivision F of section 627 of the Education Law, which reads as follows: " Public welfare officials, except as otherwise provided by law, shall furnish indigent children with suitable clothing, shoes, books, food and other necessaries to enable them to attend upon instruction as hereinbefore required by law."

In addition to various denials, the answer of the respondent sets forth that petitioners have received relief payments in accordance with a " uniform budgetary allowance for families on Home Relief "

prepared by taking " into consideration the total amount of money available for relief purposes." The respondent is obliged by statutory mandate, " insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves." (Public Welfare Law, § 77.) Obviously, he cannot comply with the commands of section 627 of the Education Law and section 77 of the Public Welfare Law unless the funds in his possession are sufficient to enable him to do so. The question of the amount of relief payments which the funds at the disposal of the respondent permit him to expend for the relief of any particular person or family, or for the purpose of enabling indigent children to attend school, is one which rests in the wide discretion of the respondent as administrator of the relief funds. It is for the respondent, and not for the court, to determine whether a proper regard for the welfare of others needing relief would permit him to make larger payments to the petitioners than those which they are at present receiving.

The court is not unmindful of the pitiful situation in which the petitioners find themselves and of their obvious need for additional funds. It is difficult to believe, however, that the respondent would deny them an increased allowance unless compelled to do so by his duty towards others also urgently requiring relief. To grant even an alternative order here would make necessary an investigation into all the details of the administration of relief by the respondent in an endeavor to ascertain to what extent, if any, the funds in his hands make it possible for him to extend further assistance to the petitioners. Moreover, the judgment of the court would thus be substituted for that of the respondent, to whose judgment the administration of relief has been confided. The motion is denied.