Dr. E. CARLTON FOSTER and Dr. JOHN A. HATCH, as Copartners, Doing Business under the Assumed Name and Style of the "FOSTER-HATCH MEDICAL GROUP," Plaintiffs, v. YATES COUNTY, Defendant.

County Court, Yates County, July 12, 1937.

*Homer C. Pelton*, for the plaintiff.

*John E. Sheridan*, for the defendant.

BAKER, J.   The action is brought by a group of physicians against the county of Yates to recover pay for professional services rendered to indigent persons without authorization by any officer or agent of the county, and, excepting for a few items, after refusal of the county welfare commissioner to authorize such services as a public or municipal obligation.

The complaint alleges that the services were needed to preserve the health and life of the persons treated who were unable to secure necessary medical care within the meaning of the Public Welfare Law of New York.

The complaint in three separate causes of action sets up two series of medical and surgical treatments to a woman living apart from her husband and one to her fifteen-year-old son.   In two instances it is alleged the condition of the patients was critical and constituted an emergency, demanding immediate care and attention.   In each instance the welfare commissioner was notified of the conditions and refused responsibility.

In each case the plaintiffs caused the sick persons to be removed to a hospital where they were treated.

The value of plaintiffs' services are alleged to be $419.75.

In this State, from the time of the first statutes creating a liability against towns, cities and counties for the care of the poor and indigent down to the present, many legislative changes have been made affecting that liability; but through all the changes the courts have uniformly held that there can be no public municipal liability until a duly authorized officer has by express contract assumed such liability for the district he represents.

That one who without express authorization by poor or welfare officers, voluntarily furnishes supplies or renders services to a poor or indigent person is without remedy to recover from the district; that there is no implied contract upon which such a recovery can be based, especially must this be true where authorization has been refused by the officer whose duty it was to investigate. (*Everts* v. *Adams*, 12 Johns. 352; *Gourley* v. *Allen*, 5 Cow. 644; *Smith* v. *Williams*, 13 Misc. 761; *Matter of Bellows* v. *Supervisors*, 73 id. 566; *People ex rel. Blenheim* v. *Supervisors*, 121 N. Y. 345.)

I cannot find, from a careful study of our Public Welfare Law, any reason for departing from this long-established rule.

Section 84 of the Public Welfare Law provides for the appointment or employment *by the public welfare official* of a physician to visit the indigent sick at their homes.

Section 85 of this law provides that, as far as practical, no patient whose case is to be a charge on a public welfare district shall be admitted to a hospital without the prior approval of the public welfare official responsible for his support and that, in case of emergency, as the instant cases are alleged to be, the cost of the care of such a patient shall be a charge against the public welfare district only when authorized by the commissioner.

I believe it is not giving too broad a meaning to the above expression, " the cost of the care of such a patient," to find it includes the fees of the attending physician.

Public liability for the care of the poor and indigent was not known to common law. It exists only in our statutes.

Whatever legal public liability authorized for the care of needy persons must be met by taxation, and the authority of a statute is necessary in all cases in order to impose a burden upon taxable property. (*People ex rel. Blenheim* v. *Supervisors*, 121 N. Y. 345.)

Under the present Public Welfare Law, the county welfare commissioner is made the sole and exclusive judge (subject perhaps to review for abuse of that power), after investigation by him, as to the necessity of obligating the district (in this case the county of Yates) to furnish the services of a physician to one who claims to be unable to provide such services for himself; and the exercise of his judgment is not subject to collateral attack. Until directly reviewed, as by mandamus, the decision of the commissioner is binding on all parties interested (*Christinan* v. *Phillips*, 58 Hun, 282; *Matter of Kryzak* v. *Hodson*, 155 Misc. 699), and his authorization is prerequisite to making the case a county charge. (*Matter of Bellows* v. *Supervisors, supra.*)

The question of the propriety of relief is confined to the direction of the poor authorities. It is presumed they have made such

required investigation as they deemed necessary. The circumstances which control the exercise of the power to grant relief to poor and indigent persons are so various in the case of different persons and are so incapable of being defined by statute that much is left to the judgment and discretion of the officers whose duty it is to administer the relief. (Public Welfare Law, § 78; *City of Albany* v. *McNamara*, 117 N. Y. 168, 174.)

Not only is no authorization by the welfare commissioner alleged in the complaint, but the complaint frankly alleges a positive refusal by the commissioner to employ the plaintiffs or authorize their services.

The motion to dismiss the complaint herein is granted, but without costs, because of the allegations in the complaint of necessary, meritorious and humane services rendered by the plaintiffs.