Howard A. Zeller, J.
Petitioner, St. Joseph’s Hospital, Elmira, New York, seeks an order under article 78 of the Civil Practice Act requiring Peter J. Woloson as Commissioner of Public Welfare of the County of Chemung to pay hospital charges incurred in the course of emergency treatment and care rendered an allegedly medically indigent adult. The respondent commissioner has moved to dismiss the petition on the ground that it fails to state facts sufficient to entitle petitioner to relief under article 78.
On three occasions in the course of an apparently troublesome pregnancy term, petitioner admitted an adult patient for emergency treatment pertaining to the pregnancy and the eventual birth of a child. On each admission, the petitioner states that it made inquiries and investigations concerning the patient’s ability to pay her hospital bill. Each time petitioner concluded that since the patient had no job, income, property or assets, and since her husband was not only without means himself but also was incarcerated in an out-of-State penitentiary, she was thus a financially irresponsible and medically indigent patient. Each time petitioner also served notice under Social Welfare Law (§ 187, subd. 2, par. [c]) upon the respondent asking for a determination of medical indigence and assumption of the cost of the patient’s care by the respondent as a public charge.
¡Respondent consistently rejected the patient as a medically indigent public welfare charge and refused to authorize payment of the patient’s hospital bills from public funds. It appears from the petition that the patient’s father is steadily employed at a take-home pay of $75 per week, and the father and mother have been regularly providing support and care in their home for the patient and her four infant children. The ability and willingness of the family and relatives to assist an applicant for public assistance and care is a factor, inter alia, which the respondent is specifically enjoined by law to consider before accepting or rejecting a public charge, and presumably did, (Social Welfare Law, § 132; Foster v. Yates County, 163 Misc. 784; see Matter of Krysak v. Hodson, 155 Misc. 699.)
*1059 Petitioner’s contention in this proceeding is that the respondent’s determination refusing to find this patient a medically indigent person entitled to public assistance was so arbitrary and unreasonable in the above circumstances as to require annulment with a direction that respondent accept and pay this patient’s hospital charges.
With petitioner’s contention we cannot agree. At the time of each of the patient’s admissions to the hospital, both the patient and the hospital initially were independent contractors, dealing with each other at arm’s length. Because of such a role, the hospital had a primary duty to attempt to secure itself either by arranging with the patient for payment of the bills to be incurred, or by seeking a guarantee of payment by some member of the patient’s family or by one of the patient’s friends. From the face of the petition it is apparent that the hospital was aware that the patient’s father had been providing full care and support to her. Yet there is no allegation in the petition of any effort on petitioner’s part to contact the patient’s family or friends to the end of at least inquiry concerning their ability and willingness to contract for the cost of patient’s care. While there is no common-law duty on the part of a parent to support an adult child, certainly the obligation can be contractually assumed apart from any existing statutory liability. (Matter of McClancy, 182 Misc. 866, affd. without opinion, 268 App. Div. 876, affd. 294 N. Y. 760; cf. Social Welfare Law, § 101.)
It is an essential prerequisite to petitioner’s position in this proceeding that it shall have made at least some reasonable effort to discharge its private and independent duty to arrange for payment for services rendered a patient even under the emergency nature of the admission here. The mere fact that the hospital has determined to its own satisfaction that an adult emergency patient is indigent does not give that hospital an immediate and unequivocal recourse to the department of public welfare concerned. To so hold would relegate the welfare department to the status of either an involitional disburser of public funds or of a public collection agency shorn of the discretionary duties and public responsibilities imposed upon it by statute.
In a nonemergency admission of a patient whose care may become a public charge, prior authorization of a proper public welfare official is mandatory (Social Welfare Law, § 187), and presumes such an independent exploration, investigation and determination by the welfare department of the patient’s total economic resources and other circumstances (Social Welfare *1060 Law, §§ 132, 184). In the case of an emergency admission, the hospital should assume some degree of responsibility to investigate sources other than the patient for its payment and should pursue the undertaking assiduously when the welfare department’s opportunity for prior investigation has been foreclosed by the hospital’s determination that the admission is of an emergency nature.
Respondent’s motion to dismiss the petition in point of law for failure to state facts sufficient to entitle petitioner to the relief sought should be granted, without costs.
Submit order accordingly.