■ In the Matter of ST. JOSEPH'S HOSPITAL, Appellant, against PETER WOLOSON, as Commissioner of Public Welfare of Chemung County, Respondent. — Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Public Welfare of the County of Chemung. The petitioner hospital maintains this article 78 proceeding to compel the respondent Commissioner of Public Welfare to pay medical charges of a patient admitted on emergency. The petition has been dismissed at Special Term for insufficiency on its face; thus all its factual allegations are admitted by the respondent commissioner. This admission of facts includes the following: that the patient is medically indigent and has no property or income of any kind and her husband is serving a sentence in a penitentiary in another State; that there was "necessity for the immediate admission " of the patient, i.e., there was an emergency leading to her hospital admission, that notice was given within 48 hours by the hospital to the commissioner in pursuance of Social Welfare Law (§ 187, subd. 2, par. [c]) which requires that " in case of emergency" notice shall be given of such admission to the responsible welfare officer if there has not been prior authorization by the officer for the admission. On the face of its pleading petitioner is entitled to reimbursement, since it is the duty of the Welfare District to provide needed care for the medically indigent persons. (Social Welfare Law, §§ 184, 185, 187, subd. 1.) If this patient was not actually medically indigent; or if some other person is made responsible by the law for the medical care of the patient, these are matters of defense available to the commissioner. That the patient's father earns $75 a week, which he has devoted toward the support of his wife, and of the patient and the patient's four infant children, which is the bare factual allegation of the petition, does not negative the other factual allegation that the patient was actually indigent medically. Such an income shown to be earned by her father, thus dispensed, is not inconsistent with the factual allegation of medical indigence which the commissioner admits by his motion to dismiss the petition for insufficiency on its face. It may be that the father in fact has resources enough in the light of his general responsibility to his daughter to hold that she is not medically indigent. That is a matter for the commissioner to plead and prove. The unanswered petition shows prima facie a case of liability against the Welfare District. Order reversed, with $10 costs, and motion denied. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur. [11 Misc 2d 1057.]

■ KARL SCHOENHERR, Plaintiff, v. UNITED STATES LINES, INC., Defendant, and Third-Party Plaintiff. ROMANOFF CAVIAR COMPANY, INC., Third-Party Defendant.— Motion to dismiss appeal granted, by default, without costs. ·Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ JANS J. FALKENSTEIN, Appellant, v. STATE OF NEW YORK et al., Respondents.— Application to withdraw appeal granted, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.